# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT MCFADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2070 AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion for appointment of counsel under McFarland v. Scott, 512 U.S. 849 (1994). Petitioner has not yet filed a petition for writ of habeas corpus, and the state judgment to be challenged is not a capital case. Therefore, the motion will be denied.

## Background

Petitioner was convicted in state court on two counts of assault, two counts of armed criminal action, and one count of unlawful use of a weapon. The state court sentenced Petitioner to a term of imprisonment. Subsequently, Petitioner was convicted in the same court in two separate homicide cases. Petitioner was sentenced to death in both cases. In each of the homicide cases, the previous assault conviction was used as an aggravating factor during the sentencing phase of the trial.

Petitioner's assault conviction was affirmed on appeal, and Petitioner filed a motion for postconviction relief. After the motion for postconviction relief was denied, Petitioner

appealed. At the same time, Petitioner's direct appeals from the two homicide cases were pending in the Missouri Supreme Court.

Petitioner moved the Missouri Supreme Court to stay the homicide appeals during the pendency of the postconviction appeal in the assault case. Petitioner reasoned that if his assault conviction was vacated, then the validity of his death sentences would be called into question under Johnson v. Mississippi, 486 U.S. 578, 584-85 (1988) (denial of defendant's motion for postconviction relief from death sentence based, at least in part, on prior invalid felony conviction violated Eighth Amendment prohibition against cruel and unusual punishment). The Missouri Supreme Court granted the stay.

Petitioner's appeal from the assault case has recently been denied, and his application for transfer to the Missouri Supreme Court was denied. Accordingly, the Missouri Supreme Court lifted the stay on the homicide cases on October 25, 2011.

Petitioner now seeks appointment of counsel by this Court for the purpose of drafting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the assault convictions. Petitioner argues that the reasoning in McFarland applies in this instance because a reversal of his assault convictions would have the practical consequence of calling both of his death sentences into question, possibly leading to the reversal of those sentences.

**Discussion**

In <u>McFarland</u>, the Supreme Court of the United States held that under 21 U.S.C. § 848(q),[1] a capital postconviction proceeding "is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." 512 U.S. at 856-57. The Court examined the statute and found that it "and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." <u>Id.</u> at 856.

Title 18 U.S.C. § 3599 applies only to persons "charged with a crime which may be punishable by death." 18 U.S.C. § 3599(a)(1). The same was true of 21 U.S.C. § 848(q). For his assault convictions, Petitioner was sentenced to a term of imprisonment. As a result, the provisions of § 3599 and the reasoning in <u>McFarland</u> do not apply to his contemplated habeas petition.

Petitioner's request for appointment of counsel is governed by 18 U.S.C. § 3006A, which permits the district courts to appoint counsel for indigent inmates "seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Petitioner is not "seeking relief" under § 2254 because he has not yet filed a petition for writ of habeas corpus. <u>See</u> <u>McFarland</u>, 512 U.S. at 864-66 (Thomas, J., dissenting). The exception to the rule that a habeas corpus proceeding is initiated by the filing of a complete petition for writ

---

[1]The relevant portions of 21 U.S.C. § 848 have been transferred to 18 U.S.C. § 3599 without substantive changes. <u>See</u> Pub. L. No. 109–177, 120 Stat. 192, 231–232, §§ 221–222 (Mar. 9, 2006). For clarity and convenience, the Court will hereafter refer to § 3599.

of habeas corpus, as applied to capital postconviction proceedings by the majority opinion in <u>McFarland</u>, does not apply to discretionary appointments under § 3006A. The Court understands Petitioner's argument that the practical effect of vacating the assault convictions would be to call his sentence of death into question, but the fact is that the assault conviction case is not a capital case and § 3599 does not apply. As a result, the Court does not have the authority to appoint counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

Dated 27th day of January, 2012.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE